ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v. NORMAN.

Opinion delivered December 7, 1925.

1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT—EVIDENCE. —In a suit by a servant for injuries received through the negligence of a fellow servant, evidence tended to show that plaintiff was injured by the negligence of such fellow servant.

2. MASTER AND SERVANT—EMPLOYERS' LIABILITY ACT—ASSUMED RISK. —The Federal Employers' Liability Act eliminates the defense of assumed risk where the injury was the result of the negligent act of a fellow servant of which the plaintiff was not aware, and which was not so obvious that an ordinarily careful person would have observed it.

3. DAMAGES—WHEN NOT EXCESSIVE.—An award of $500 for an injury to plaintiff's foot was not excessive where he was unable to work for three months thereafter, suffered mental and physical pain, and a year after the injury was still unable to do heavy labor.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; affirmed.

*King, Mahaffey & Wheeler,* for appellant.

*Shaver, Shaver & Williams,* for appellee.

HUMPHREYS, J.   Appellee recovered judgment in the sum of $500 against appellant in the circuit court of Little River County for an injury he received in the left foot while engaged, with other employees, in replacing old rails with new ones on the main line of appellant's railway.   It was alleged that the injury was caused through the negligence of a fellow-servant by the name of Abe Cowens, who prematurely struck the rail or bolts at the connection joint of two rails after the last nut had been severed with the chisel held by appellee, thereby causing the steel rail which had been pushed over to one side to spring back, and strike him on the foot before he could move back or get out of the way.

Appellant filed an answer denying that appellee was injured through the negligence of one of its employees as alleged in the complaint, and, by way of further defense, pleaded the assumption of the risk by appellee under the Federal Employers' Liability Act.

The cause was submitted to a jury upon the pleadings and testimony introduced by the respective parties, which resulted in the judgment mentioned above, and from which an appeal has been duly prosecuted to this court.

Appellant's main contention for a reversal of the judgment is the alleged total failure of any substantial evidence tending to show that appellee was injured through the negligence of appellant's employee, Abe Cowens. We do not so interpret the testimony. Appellee testified that he was a member of a section gang, and that, at the time he received the injury to his foot, he and his colaborers were working under the direction of a foreman on appellant's main line of railway near Red Bank, replacing old rails with new ones; that, in doing this, the spikes holding the north rail were drawn, and it was pushed over with bars off the ends of the ties before being disconnected, but that, in order to make a connection with the new rail for a train to pass over the track, it became necessary to disconnect the old rails at one of the joints; that he and Abe Cowens were directed by the foreman to cut the taps off the bolts at the joint; that he held the chisel against the taps while Abe struck it; that the joints were held in place by bolts and angle bars when all taps were removed; that, when the last tap was removed at this particular joint, Abe struck the rail or bolts to loosen the joint and break it apart before he (appellee) had time to move back or get out of the way, which lick caused the joint to break, thereby permitting the rail to spring back in place and strike him on the left foot.

If appellee testified truthfully, the injury was caused by the negligent striking of the rail or bolts by Abe Cowens. Abe should have waited until appellee had an opportunity to move back or get out of the way before striking the rail or bolts to loosen the joint. The premature striking of the bolts by appellant's servant was not an incident to the employment assumed by appellee, for he had no means of knowing that Abe Cowens would

strike the rail or bolts to break the joint before he could get out of the way. There is no substantial evidence in the record tending to show that appellee was aware of or could have observed the negligent act of his co-laborer in time to have avoided the injury. One purpose of the Federal Employers' Liability Act was to eliminate the defense of assumed risk where the injury was the result of a negligent act of a fellow-servant, of which the injured party was aware or which was so obvious that an ordinarily careful person would have observed. *St. L. S. F. R. Co.* v. *Blevins,* 160 Ark. 362.

Under this view of the evidence the court did not err in refusing to give the instruction which appellant requested defining assumed risk, nor was appellant prejudiced by the instructions given upon this question by the court.

We have carefully examined the instructions of the court submitting the only issue in the case to the jury, as well as the objections made to them, but find no substantial defects in them. We think the issue of negligence was fully covered by the instructions of the court, and that it was unnecessary to give those asked by appellant bearing upon that issue.

We cannot agree with learned counsel for appellant that the verdict is excessive. There is testimony in the record tending to show that appellee was unable to do any work from July 9th, the date of his injury, until about the middle of October following; that he suffered much pain mentally and physically; and that at the time of the trial, about a year after the injury, he was unable to do heavy labor on account of his foot.

No error appearing, the judgment is affirmed.